**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DELL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:16-cv-641 |
| | ) | |
| RAJ MISHRA AND TECH FIXING CENTER | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION,**
**FALSE ADVERTISING, DECEPTIVE TRADE PRACTICES, AND FRAUD**

Plaintiff Dell Inc. ("Dell") brings this action against Defendants Raj Mishra and Tech

Fixing Center LLC (collectively, "Defendants") for injunctive relief and damages as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement under 15 U.S.C. § 1114; false

designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a); false advertising

pursuant to 15 U.S.C. § 1125(a); deceptive trade practices pursuant to Texas Bus. & Com. Code

§ 17.46; common law trademark infringement and unfair competition; and fraud under the

common law of the State of Texas.

2. Defendants and/or their agents have made false and misleading statements and

have misused the Dell trade name and Dell's registered trademarks and service marks in

commerce in connection with a technical support scam.  As detailed herein, Defendants and/or

their agents have falsely held themselves out as affiliated with Dell in order to sell a suite of technical support products of unknown quality.

3.     Dell has been using the trade name, trademark, and service mark DELL and variants thereof to identify and distinguish its products and services since November 1987.  Over time, the variants included, *inter alia*, the world famous DELL logo, as well as the marks DELL SECUREWORKS COUNTER THREAT PLATFORM, WWW.DELL.COM, and DELL PRECISION, which identify and distinguish Dell's products and services.  The DELL trade name, trademark, and service mark and DELL variants are collectively referred to as the "DELL Marks" or "Marks."  The DELL Marks have consequently acquired significant goodwill and fame.

4.     Dell invests significant resources in attempting to protect consumers from cybercrime and has established Dell SecureWorks Counter Threat Unit in an attempt to protect consumers from online fraud and security threats.  Dell has undertaken a thorough investigation of the fraud described herein in an attempt to help protect consumers from technical support scams.

5.     Defendants and/or their agents sell and offer to sell their technical support services through means that utilize spurious marks that are either identical to or substantially indistinguishable from the DELL Marks or by posing as Dell affiliates.  As a result of Defendants' actions, Dell is suffering a loss of goodwill in the DELL Marks, and its customers are being materially harmed.  This action seeks permanent injunctive relief and damages for Defendants' infringement of Dell's rights.

## PARTIES

6.      Plaintiff is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682.

7.      On information and belief, Defendant Raj Mishra is an individual of unknown residence holding himself out as the "Floor Manager" for bogus Dell Tech Concierge Services.

8.      On information and belief, Defendant Tech Fixing Center LLC is a corporation with its principal place of business at 710 East Main Street, Lexington, Kentucky 40502.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction over Dell's claims for trademark infringement, and false designation of origin pursuant to 15 U.S.C. § 1121 and § 1125 and 28 U.S.C. § 1331 and § 1338(a).  The Court has jurisdiction over all state law claims under 28 U.S.C. § 1367.  The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

10.      This Court has personal jurisdiction over Defendants, all of whom have conducted business activities in and directed to Texas and are primary participants in tortious acts in and directed to Texas.

11.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in the Western District of Texas including pursuant to Tex. Civ. Prac. & Rem. Code § 17.042.

## DELL'S MARKS

12.      Dell is a leading manufacturer and seller of computer systems and accessories through direct marketing channels.  Building on the direct business model that it pioneered, Dell

3

receives customer orders via the Internet, e-mail, telephone, and facsimile, and ships products directly to customers according to their customized specifications. Dell also sells an extensive selection of computer hardware peripheral products and related products, and renders an extensive array of computer-related services.

13.     Dell spends hundreds of millions of dollars each year by promoting and advertising its websites, products, and services under the name and mark DELL.

14.     The DELL Marks have been extensively used by Dell in United States interstate commerce in connection with advertising and promoting Dell's products and services on Dell's website at www.dell.com, in nationwide newspapers, trade and consumer magazines, on television and radio, and through direct mail. Such names and marks are prominently displayed on Dell's website, computer systems, advertisements, product packaging, manuals, and technical and informational literature.

15.     The DELL Marks have been extensively and continually advertised and promoted by Dell within the United States for the past 27 years and worldwide for the past 22 years. Substantial amounts of time, effort, and money have been expended over the years in ensuring that the purchasing public associates the DELL Marks exclusively with Dell.

16.     As a result of the time, effort, and money invested in its business, Dell has achieved a reputation for excellence in the manufacture and sale of its computer products and in the rendering of its services. As a result of its reputation for excellence, Dell enjoys substantial demand for, and consumer sales of, its products and services. Together with its reputation for excellence, Dell enjoys tremendous goodwill in its DELL Marks.

17.     The DELL Marks are widely known and recognized among the general consuming public and members of the computer industry throughout the United States and the world.

18.     The DELL Marks are unique, distinctive and, as such, designate a single source of origin.

19.     As a result of Dell's extensive and exclusive use, the DELL Marks have developed extensive goodwill in the market and are extremely valuable to Dell.  Dell has expended substantial efforts and expense to protect the DELL Marks and the DELL Marks' distinctiveness in the marketplace.

20.     By virtue of the extensive scope of the sales made and the substantial sums spent to advertise and promote products and services under the DELL Marks, such marks have acquired a strong secondary meaning in the minds of the purchasing public and the business community, and are highly distinctive, famous, and serve uniquely to identify Dell's computer services and products.  Through widespread and favorable public acceptance and recognition, these Marks have become assets of incalculable value as symbols of Dell's products and services.

21.     Having been widely promoted to the general public, and having exclusively identified Dell and its products and services, the DELL Marks symbolize the tremendous goodwill associated with Dell and are a property right of incalculable value.

22.     Dell is the owner of more than 35 registrations of the DELL Marks on the Principal Trademark Register of the United States Patent and Trademark Office, including the following:

| Mark | Reg. No. | Reg. Date | Class/Description |
|---|---|---|---|
| DELL | 1,616,571 | 10/9/1990 | IC 09 computers and computer peripherals, namely, monitors, keyboards, printers, mice, co-processors, modems, hard [and floppy disk ] drives, tape drives, cards and memory add-ons, memory boards and chips, cables and connectors…. |
| **DELL** | 1,860,272 | 10/25/1994 | IC 09 computers and parts therefor |
| DELL | 2,806,770 | 1/20/2004 | IC 42 technical support services, namely, troubleshooting of computer hardware and software problems; consulting services in the field of design, selection, implementation and use of computer hardware and software systems for others |
| DELL | 2,806,769 | 1/20/2004 | IC 37 maintenance and repair of computer hardware; installation of computer networks; installation of computer systems |

Copies of the registration certificates for these registrations are attached to this Complaint as Exhibit A.

23.     Registration Nos. 1,616,571, 1,860,272, 2,284,782, and 2,806,769 are incontestable pursuant to 15 U.S.C. § 1065.

**DELL'S WEBSITE**

24.     Dell has been and continues to be an innovator and leader in using the Internet to market and sell its goods and services.

25.     Since at least as early as 1994, Dell has operated a website available at www.dell.com.  Dell's www.dell.com website is an important resource used constantly by the general public.  The www.dell.com website is visited by millions of customers annually, making Dell one of the Internet's most successful online businesses.  As discussed above, www.dell.com uses a registered trademark of Dell.

26.     As part of its services, Dell offers extensive customer and technical support services though the operation of its website, including but not limited to online diagnostics, security and virus support, software troubleshooting, and order and support requests.  Dell offers direct customer assistance by telephone, e-mail, and live-chat offerings through its website.

27.     Dell has supported its online marketing and sales efforts and sold its goods and services through a number of websites and related domain names.  In addition to its www.dell.com domain name, Dell owns or is affiliated with a number of other domain names through which it conducts business, including dellcomputersupport.com, dellchatsupport.org, and contactdell.com.

28.     Dell's Internet presence, and the ability of consumers to conduct business with Dell on the Internet, are extremely important to Dell's business.

29.     Dell also operates a SecureWorks Counter Threat Unit where researchers analyze threat data and actively monitor the cyber threat landscape to provide a globalized view of emerging threats, zero-day vulnerabilities, and the evolving tactics, techniques, and procedures of advanced threat actors.  The Dell SecureWorks Counter Threat Unit's primary objective is to protect its customers' information and operations from the most advanced security threats by applying its research and threat intelligence into all security solutions.

### DEFENDANTS' UNLAWFUL ACTS

30.     Defendants and/or their agents are participating in fraudulent technical support scams in which they falsely hold themselves out as associated with Dell in order to sell unauthorized technical support services under false pretenses.  On information and belief, in these scams, Defendants holding themselves out to be affiliated Dell technical service providers (hereinafter, "the unaffiliated technicians") deceive consumers into believing their personal

computers and software require technical assistance and sell unknown services to purportedly make the systems safe.

31.     Defendants create an impression that they represent or have an association with Dell, as they attempt to carry out the scams.

32.     The techniques used by Defendants include, but are not limited to, (a) making false representations that they are "from Dell" or "Dell Tech Concierge Service;" and (b) using Dell's trade name in their communications.  Through these efforts, Defendants attempt to create credibility for the fraudulent services being offered and to divert consumers from identifying and contacting a legitimate technical service provider – such as the technical support offered by Dell – for their service needs.

33.     On information and belief, through these tactics, Defendants attempt to acquire sensitive information from Dell consumers such as credit card details by masquerading as authentic Dell representatives.

34.     Defendants have charged Dallas residents anywhere between $549.99 and $899.99 for the products and services rendered under the Dell name.

35.     Defendants use or previously used the number 1-888-885-6151 in furtherance of the fraudulent scheme.

36.     On information and belief, Defendants use or previously used the website, techfixingcenter.com, as part of their scheme (the "Defendant Site").

37.     On information and belief, Defendants have been operating the scam as recently as February 2016.

38.     Dell has not authorized Defendants to use in any way, or register as part of any Internet domain name, any of the DELL Marks.

39.     Defendants' activities have irreparably harmed the public, and if not enjoined, will continue to irreparably harm the public, which has an inherent interest in being free from fraud, confusion, mistake, and deception.

40.     Defendants' activities have irreparably harmed Dell, and if not enjoined, will continue to irreparably harm Dell and the DELL Marks.

## FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

41.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42.     The DELL Marks and the goodwill of the business associated with them in the United States and throughout the world are of great value, are highly distinctive, and have become universally associated in the public mind with the related goods and services of the highest quality and reputation finding their source from Dell.

43.     Defendants' scam activities constitute infringement of Dell's federally registered trademarks and service marks.

44.     Defendants' unauthorized use of the DELL Marks, including the name Dell, to sell services unaffiliated and unassociated with Dell is likely to cause confusion, mistake, and/or deception as to the origin or source of the goods and services associated with the DELL Marks, to cause consumer confusion and also to mislead consumers into believing such goods and services originate from, are affiliated with, and/or are sponsored, authorized, approved, or sanctioned by Dell.

45.     Defendants' use in commerce of the DELL Marks and variations thereof is likely to cause confusion, mistake, or to deceive the public.

46.     Defendants' actions constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Dell to relief.

47.     Defendants have unfairly profited from the infringing actions.

48.     Dell has suffered damage to the goodwill associated with the DELL Marks, and Dell is entitled to damages including, but not limited to, Defendants' profits from the use of the infringing marks, actual damages, statutory damages, treble damages, corrective advertising damages, costs of litigation, and attorneys' fees for Defendants' willful infringement.

49.     Dell has no adequate remedy at law, and if Defendants' activities are not enjoined, Dell will continue to suffer irreparable harm and injury to its goodwill and reputation.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN AND
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

50.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     Dell advertises, markets, distributes, and licenses its hardware and services under the DELL Marks, and uses these trademarks and service marks to distinguish Dell's hardware and related components and services from the products or services of others in the same field or related fields.

52.     Because of Dell's long, continuous, and exclusive use of the DELL Marks, they have come to mean, and are understood by customers, end users, and the public to signify products and services of Dell.

53.     Defendants' wrongful conduct includes the misappropriation of the DELL Marks and name in connection with their goods and services.

54.     On information and belief, Defendants have engaged in this conduct for the purpose of misleading or confusing customers and the public as to the origin, authenticity, or association of the goods and services advertised, marketed, installed, provided, offered, or distributed in connection with the DELL Marks and of trading on Dell's goodwill and business reputation.

55.     Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false association, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Defendants' conduct is likely to continue unless restrained and enjoined.

57.     As a result of Defendants' wrongful conduct, Dell is entitled to recover its actual damages, Defendants' profits, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117.

58.     Dell has no adequate remedy at law, and if Defendants' activities are not enjoined, Dell will continue to suffer irreparable harm and injury to its goodwill and reputation.

## THIRD CAUSE OF ACTION

## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

59.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     On information and belief, Defendants have a sales practice in which they pose as Dell representatives in order to sell unauthorized technical support products and services.

61.     Defendants make these statements in interstate commerce.

62.     Defendants' statements are false or misleading statements of fact that disparage the quality and security of Dell products.

63.     Defendants' statements either have deceived or have the capacity to deceive Dell consumers.

64.     Defendants' statements are material in that they are likely to influence the consumers' purchasing decisions for customer and technical support services.

65.     On information and belief, these statements disparage the quality of security of Dell's products and services, and Dell has been and will continue to be damaged by Defendants' wrongful conduct.

66.     Through the use of such false statements, Defendants are unfairly competing with Dell's technical service and support offerings.

67.     As a result of Defendants' wrongful conduct, Dell is entitled to recover its actual damages, Defendants' profits, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117.

68.     Dell has no adequate remedy at law, and if Defendants' activities are not enjoined, Dell will continue to suffer irreparable harm and injury to its goodwill and reputation.

## FOURTH CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

69.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70.     Dell possesses valuable common law rights to the DELL Marks and the goodwill associated with them.

71.     Defendants' unauthorized use of the DELL Marks and false and misleading statements made in competition with Dell's customer and technical support services constitute trademark infringement and unfair competition in violation of the common law of Texas.

72.     Defendants' false and misleading statements and acts of trademark infringement and unfair competition have caused and will continue to cause Dell monetary damage, loss, and injury in an amount not yet ascertained.

73.     Defendants' acts of trademark infringement and unfair competition have been and will continue to be willful.

74.     Dell has no adequate remedy at law, and if Defendants' activities are not enjoined, Dell will continue to suffer irreparable harm and injury to its goodwill and reputation.

**FIFTH CAUSE OF ACTION**

**DECEPTIVE TRADE PRACTICES UNDER TEXAS BUS. & COM. CODE § 17.46**

75.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     Defendants have a sales practice in which they pose as Dell representatives in order to sell unauthorized technical support products and services.

77.     Defendants have carried out or attempted to carry out this scheme as recently as February 2016.

78.     Defendants attempt to pass off their goods and services as those of Dell.

79.     On information and belief, Defendants knowingly made false or misleading statements of fact concerning the need for repair services.

80.     On information and belief, Defendants have represented that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced, and in certain instances, Defendants deliberately installed harmful software onto consumers' products under the guise of performing necessary services.

81.     Defendants' statements are false and/or misleading statements of fact that disparage the quality and security of Dell products and services.

82.     Defendants' statements either have confused or deceived or have the capacity to confuse and deceive a substantial segment of potential consumers as to the source, sponsorship, approval, or certification of the goods or services.

83.     Defendants' statements are material in that they are likely to influence and have influenced the consumers' purchasing decisions.  Defendants deprive Dell customers of the most important information when deciding whether to purchase technical repair services: whether they need those services at all.

84.     These statements disparage the quality of security of Dell's products and services, and Dell has been and will continue to be damaged by Defendants' wrongful conduct.

85.     As a result of Defendants' wrongful conduct, Dell is entitled to recover its actual damages, Defendants' profits, treble damages, and attorneys' fees pursuant to Texas Bus. & Com. Code § 17.50.

86.     Dell has no adequate remedy at law, and if Defendants' activities are not enjoined, Dell will continue to suffer irreparable harm and injury to its goodwill and reputation.

## SIXTH CAUSE OF ACTION

### FRAUD UNDER TEXAS COMMON LAW

87.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 86 as if fully set forth herein.

88.     Defendants have a sales practice in which they pose as Dell representatives in order to sell unauthorized technical support products and services.

14

89.     Defendants made false representations concerning the authenticity of their services, posing as trusted Dell support representative and lured customers into participation under false and misleading pretenses.

90.     Such false representations of fact disparage the quality and security of Dell's products and services.

91.     Defendants knew such representations were false.

92.     On information and belief, Defendants' representations were material as consumers relied on the representations in turning over sensitive commercial information.

93.     On information and belief, customers would not have turned over their commercial information or provided access to their Dell products and devices had they known Defendants were not authorized or sponsored by Dell.

94.     Defendants' fraudulent diversion of potential customers of Dell's security products and services has caused, and will continue to cause damages to Dell, and Dell sustained injury to its reputation and business.

95.     Dell has no adequate remedy at law, and if Defendants' activities are not enjoined, Dell will continue to suffer irreparable harm and injury to its goodwill and reputation.

## **PRAYER FOR RELIEF**

WHEREFORE, Dell respectfully requests that this Court enter judgment in against Defendants, jointly and severally, and against each of their directors, principals, officers, agents, representatives, employees, attorneys, subsidiaries, parents, affiliates, successors and assigns, and all persons in active concert or participation with them, granting the relief as follows:

1.  The entry of judgment in Dell's favor on all claims.

2.  A temporary restraining order and permanent injunction restraining and enjoining Defendants, their directors, principals, officers, agents, representatives, employees, attorneys, subsidiaries, parents, affiliates, successors and assigns, and all others in active concert or participation with them, from engaging in the following activities:

a.  Destroying, altering, transferring, or otherwise disposing of any records of their business activities, whether on paper, in electronic format, or any other medium, and including without limitation all accounting records and all logs or other documents relating to selecting, registering, trafficking in, monetizing, releasing, assigning, renewing, deleting, transferring, using, or maintaining any domain name that is a counterfeit of, confusingly similar to, or likely to dilute the DELL Marks or any other trademarks owned by Dell;

b.  Registering, trafficking in, and using, in any manner, the Defendant Site, or any other domain names or websites that are counterfeits of, confusingly similar to, or likely to dilute the DELL Marks or any other marks owned by Dell;

c.  Using any of Dell's Marks, or any other name, mark, designation, or depiction in a manner that is likely to cause confusion whether Defendants are affiliated or associated with or sponsored by Dell, or that is likely to dilute the distinctiveness of the DELL Marks or any other marks owned by Dell;

    d.  Registering any domain name without providing complete and accurate contact information, including Defendants' full legal names as the registrants, and not maintaining complete and accurate contact information, including Defendants' full legal names as the registrants;

    e.  Engaging in trademark infringement, unfair competition, false designation or origin, passing off, and false advertising against Dell or misappropriation of Dell's trademark rights;

    f.  Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above; and

3.  Declaring that all documents, papers, things, records, data, and information, and electronic media relating to the selection, registration, use, trafficking in, monetizing, release, transfer, assignment, renewal, maintenance, and deletion of the Defendant Site, and any other websites, relating to the coordination among various Defendant entities for such activities be immediately seized.

4.  Declaring that Defendants have violated Dell's rights in the DELL Marks in violation of 15 U.S.C. § 1114;

5.  Declaring that Defendants have violated Dell's rights in the DELL Marks in violation of 15 U.S.C. § 1125(a);

6.  Declaring that Defendants have engaged in deceptive practices in violation of Texas Bus. & Com. Code § 17.46;

7.  Declaring that Defendants have violated Dell's rights in the DELL Marks in violation of common law trademark infringement and unfair competition;

8.  Declaring that Defendants have committed fraud in violation of Texas common law;

9.  Ordering an accounting of all gains, profits, savings, and advantages realized by Defendants due to the unauthorized use of the DELL Marks and/or carrying out the fraudulent schemes;

10. Declaring that this is an exceptional case under 15 U.S.C. § 1117 because of the willful and deliberate nature of Defendants' acts of trademark infringement and fraud and awarding Dell its reasonable attorneys' fees;

11. Ordering Defendants to pay Dell's costs, disbursements, expenses, and attorneys' fees in this action; and

12. Granting Dell such other relief that Dell is entitled to under law, and any other further relief as this Court or a jury may deem just and proper.

DATED: May 31, 2016                              Respectfully submitted,


                                                 Kimball R. Anderson (*to be admitted pro hac vice*)
                                                 Robert H. Newman (*to be admitted pro hac vice*)
                                                 WINSTON & STRAWN LLP
                                                 35 West Wacker Drive
                                                 Chicago, Illinois 60601-9703
                                                 Telephone: (312) 558-5858
                                                 Facsimile: (312) 558-5700
                                                 kanderson@winston.com
                                                 rnewman@winston.com


                                                 */s/ Sinéad O'Carroll*
                                                 Sinéad O'Carroll
                                                 REEVES & BRIGHTWELL LLP
                                                 221 W. 6th Street, Suite 1000
                                                 Austin, Texas 78701
                                                 Telephone: (512) 334-4509
                                                 Facsimile: (512) 334-4492
                                                 socarroll@reevesbrightwell.com

                                                 *Counsel for Plaintiff Dell Inc.*

## <u>DEMAND FOR A JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Dell Inc. hereby demands trial

by jury as to all issues so triable in this action.

DATED: May 31, 2016                   WINSTON & STRAWN LLP

By:     Kimball R. Anderson (*to be admitted pro hac vice*)
        Robert H. Newman (*to be admitted pro hac vice*)


REEVES & BRIGHTWELL LLP

By:     <u>*/s/ Sinéad O'Carroll*</u>
        Sinéad O'Carroll

        *Counsel for Plaintiff Dell Inc.*

**EXHIBIT A**

Int. Cl.: 9

Prior U.S. Cl.: 26

## United States Patent and Trademark Office

Reg. No. 1,616,571
Registered Oct. 9, 1990

## TRADEMARK
### PRINCIPAL REGISTER

## DELL

DELL COMPUTER CORPORATION (DELA-
WARE CORPORATION)
9505 ARBORETUM BOULEVARD
AUSTIN, TX 78759

FOR: COMPUTERS AND COMPUTER PE-
RIPHERALS, NAMELY MONITORS, KEY-
BOARDS, PRINTERS, MICE, CO-PROCESSORS,
MODEMS, HARD AND FLOPPY DISK DRIVES,
TAPE DRIVES, CARDS AND MEMORY ADD-
ONS, MEMORY BOARDS AND CHIPS, CABLES

AND CONNECTORS, OPERATING SOFTWARE
AND INSTRUCTION MANUALS SOLD TO-
GETHER AS A UNIT, IN CLASS 9 (U.S. CL. 26).
    FIRST USE 11-0-1987; IN COMMERCE
11-0-1987.
    OWNER OF U.S. REG. NOS. 1,529,465, 1,529,468
AND OTHERS.

    SER. NO. 74-021,331, FILED 1-19-1990.

THOMAS V. SHAW, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cl.: 26

## United States Patent and Trademark Office

Reg. No. 1,860,272
Registered Oct. 25, 1994

## TRADEMARK
### PRINCIPAL REGISTER



DELL COMPUTER CORPORATION (DELA-
WARE CORPORATION)
9505 ARBORETUM BLVD.
AUSTIN, TX 787597299

FOR: COMPUTERS AND PARTS THEREFOR,
IN CLASS 9 (U.S. CL. 26).

FIRST USE 7-0-1992; IN COMMERCE
7-0-1992.
OWNER OF U.S. REG. NOS. 1,498,470,
1,650,042, AND OTHERS.

SN 74–250,269, FILED 2–27–1992.

ALAN ATCHISON, EXAMINING ATTORNEY

**Int. Cl.: 42**

**Prior U.S. Cls.: 100 and 101**

**Reg. No. 2,806,770**

## United States Patent and Trademark Office

Registered Jan. 20, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

# DELL

DELL INC. (DELAWARE CORPORATION)
ONE DELL WAY
MS#8033
ROUND ROCK, TX 78682 , BY CHANGE OF NAME
   DELL COMPUTER CORPORATION (DELA-
   WARE CORPORATION) ROUND ROCK, TX
   786828033

   FOR: TECHNICAL SUPPORT SERVICES, NAME-
LY, TROUBLESHOOTING OF COMPUTER HARD-
WARE AND SOFTWARE PROBLEMS;
CONSULTING SERVICES IN THE FIELD OF DE-
SIGN, SELECTION, IMPLEMENTATION AND USE
OF COMPUTER HARDWARE AND SOFTWARE
SYSTEMS FOR OTHERS, IN CLASS 42 (U.S. CLS.
100 AND 101).

   FIRST USE 11-1-1987; IN COMMERCE 11-1-1987.

   OWNER OF U.S. REG. NOS. 1,616,571, 2,236,785,
AND 2,527,880.

   SER. NO. 78-234,058, FILED 4-4-2003.

PAUL F. GAST, EXAMINING ATTORNEY

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

**United States Patent and Trademark Office**

Reg. No. 2,806,769

Registered Jan. 20, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

# DELL

DELL INC. (DELAWARE CORPORATION)
ONE DELL WAY
MS#8033
ROUND ROCK, TX 78682 , BY CHANGE OF NAME
   DELL COMPUTER CORPORATION (DELA-
   WARE CORPORATION) ROUND ROCK, TX
   786828033

   FOR: MAINTENANCE AND REPAIR OF COM-
PUTER HARDWARE; INSTALLATION OF COMPU-
TER NETWORKS; INSTALLATION OF COMPUTER
SYSTEMS, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

   FIRST USE 11-1-1987; IN COMMERCE 11-1-1987.

   OWNER OF U.S. REG. NOS. 1,616,571, 2,236,785,
AND 2,527,880.

   SER. NO. 78-233,933, FILED 4-4-2003.

PAUL F. GAST, EXAMINING ATTORNEY