IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| *Dell Inc.*, Plaintiff, | § § § | |
| v. | § § | Civil Action No. 1:16-cv-641-SS |
| *Raj Mishra et al.*, Defendant. | § § § | |

## **GAURAV SHARMA'S MOTION TO QUASH SUBPOENA**

Gaurav Sharma respectfully asks the Court to quash Plaintiff Dell Inc.'s subpoena.

### A.   INTRODUCTION

1. Plaintiff is Dell, Inc.; Defendants are Raj Mishra and Tech Fixing Center LLC (collectively, "Defendants"). Movant, Gaurav Sharma, is a non-party to the litigation between the parties.

2. Dell, Inc. ("Dell") sued several Defendants for trademark infringement, false designation of origin and unfair competition, and fraud, alleging that Defendants and their agents used "Dell's registered trademarks and service marks in commerce in connection with a technical support scam" by falsely holding themselves out as affiliated with Dell to sell technical support products.

3. Plaintiff subpoenaed records from Microsoft Corporation regarding several email addresses, dubbed "Offending Email Addresses," among which included "g.sharma@outlook.com," which is the email address of Gaurav Sharma. The subpoena requested the following information:

   1. Documents sufficient to identify the creator(s), owner(s), and/or user(s) of the Offending Email Addresses, including but not limited to documents that provide names, mailing addresses, phone

1

       numbers, billing information, date of account creation, recovery email address, account information and all other identifying information associated with the Offending Email Addresses.

2.    All documents related to the usage of the Offending Email Addresses, including but not limited to documents that provide Internet Protocol logs, Internet Protocol address information at the time of registration and subsequent usage, computer usage logs, g-mail log files, or other means of recording information concerning the email or Internet usage of each of the Offending Email Addresses.

3.    Documents sufficient to show any and all domain names currently registered to the creator(s), owner(s), or user(s) of the Offending Email Addresses for which Respondent is the registrar or website host.

4.    All documents related to contracts and/or agreements between Respondent and the creator(s), owner(s), or user(s) of the Offending Email Addresses.

The subpoena defined "document" expansively, "in the broadest possible sense, and includes "e-mail" and "written communications" in document's definition. A copy of the subpoena is attached as Exhibit 1.

4. After being served with the subpoena, Microsoft Litigation Policy Enforcement contacted Gaurav Sharma, requiring him to take legal action by February 5, 2018, if he wanted to challenge the subpoenaed information.

5. Gaurav Sharma asks that the Court quash the subpoena, as it is unduly burdensome.

### B.    ARGUMENT

6. A court must, on timely motion, quash or modify a subpoena if the subpoena subjects a person to undue burden. *See* Fed. R. Civ. Proc. 45(c)(3)(A), 45(d)(1)(D).

7. Defendant Sharma files this motion before the time to comply. *See* Fed. R. Civ. Proc. 45(c)(3)(A); *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006).

8. This Court must quash Plaintiff Dell Inc.'s subpoena because the subpoena is overbroad and subjects non-party Sharma to an undue burden. Fed. R. Civ. Proc. 45(c)(3)(A)(iv). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (internal quotation marks omitted). The Court may find that a subpoena imposes an undue burden when the subpoena is facially overbroad. *Id.* The Court may also consider the expense and inconvenience of a responding to a subpoena to a non-party. *Id.*

9. *In re Subpoena Duces Tecum to AOL, LLC* and *Theofel v. Farey-Jones* are instructive as to the scope of subpoenas requesting electronic information, as Plaintiff does here. In *Subpoena Duces Tecum to AOL, LLC*, State Farm subpoenaed AOL, requesting documents from the Rigsby's, AOL users, relating to State Farm's and insurance adjuster's claims handling processes relating to Hurricane Katrina over a ten-month period, as well as "any and all documents, including electronically stored information, related to Cori Rigsby's e-mail account or address" for a six-week period. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 608 (E.D. Virginia 2008). The Rigsby's moved to quash the subpoena, arguing among other things that the subpoena was overbroad and unduly burdensome.

10.     The Court found that the subpoena was unduly burdensome and overbroad, as it did not limit the e-mails requested to "those containing subject matter relevant to the underlying action or sent to or from employees connected to the litigation." *Id.* at 612. Even though the subpoena had limited the request to a six-week time period, the subpoena would require production of emails including "personal information unrelated" to the litigation. *Id.*

11.     In *Theofel*, the defendant issued a subpoena during the course of discovery requesting "'all copies of e-mails sent or received by anyone' . . . with no limitation as to time or scope." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071 (9th Cir. 2004). The magistrate judge found the subpoena to be "massively overbroad" and "patently unlawful" because it was not limited as to time or scope. The 9th Circuit Court of Appeals affirmed, finding the subpoena to be overbroad and an undue burden. *Id.* at 1071, 1079.

12.     Here, none of the subpoenaed information requested of Microsoft, and thus Gaurav Sharma, was limited in time or scope. The requests are so broad as to include information that is personal and unrelated to the litigation. Moreover, none of the requests are made for a specific time period. The production of this information will also likely be costly and require hiring someone to manage the information. Complying with the subpoena will impose an undue burden on non-party Sharma.

### C.     CONCLUSION

The subpoena is not limited in time or scope and places an undue burden on Mr. Sharma as a non-party. For the reasons stated above, Gaurav Sharma respectfully asks this Court to grant his Motion to Quash.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Gaurav Sharma, a non-party to the current litigation, respectfully requests that this Court grant his Motion to Quash Subpoena, and for such other and further relief at law and in equity to which Gaurav Sharma may show himself justly entitled.

Respectfully submitted,

FULBRIGHT ▪ WINNIFORD
A Professional Corporation
P.O. Box 445
Waco, Texas 76703-0445
(254) 776-6000
(254) 776-8555/Facsimile
ddumas@fulbrightlaw.com

BY: _____
David W. Dumas
State Bar No. 06200990

ATTORNEYS FOR NON-PARTY
GAURAV SHARMA

**CERTIFICATE OF SERVICE**

I certify that on February 8, 2018, a copy of Gaurav Sharma's Motion to Quash Subpoena was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing, and by facsimile and e-mail to "litenfo@microsoft.com" ~~at~~ ~~_____~~:

*Counsel for Plaintiff Dell Inc.*:

Kimball R. Anderson (*to be admitted pro hac vice*)
Robert H. Newman (*to be admitted pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5858
Facsimile: (312) 558-5700
kanderson@winston.com
rnewman@winston.com

Sinéad O'Carroll
REEVES & BRIGHTWELL LLP
221 W. 6th Street, Suite 1000
Austin, Texas 78701
Telephone: (512) 334-4509
Facsimile: (512) 334-4492
socarroll@reevesbrightwell.com

Tech Fixing Center, LLC
710 East Main Street
Lexington, KY 40502
*Pro se Defendant*

*Microsoft Litigation Policy Enforcement*:
litenfo@microsoft.com

David W. Dumas