IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DELL INC.,
          Plaintiff,

-vs-

RAJ MISHRA, TECH FIXING CENTER LLC, SAMEER SHAIKH, MANISH DAS, ABDUL KANCHWALA, VISION BPO PVT. LTD., MS VOIP CONNECTS, TUSHAR BOSE, PRO9 INFOSERVICES PVT. LTD., GLOBAL VALUE ADD INC., SUDHIR PAI, GURU DORSALA, WEBCONNECT LLC, DREAMLAND BPO, RIYAZ SHAIKH, MOSHIN SHAIKH, ONLINETECHSUPPORTS.NET LLC, ANURAG GUPTA, SURINDER KUMAR, GSVT INFOTECH PVT. LTD., GAURAV SHARMA, VIKAS TIWARI, MIND TREE INFOTECH LLC, MINDTREE INFOTECH, PAVITER SINGH, SIMRANJEET SINGH, RAJINDER SINGH, JASMINDER SINGH, HS DIGITAL SOLUTIONS LLC, NK DIGITAL SOLUTION, MOHAMMAD AASIF, ASIF KHAN, IFN.COM INC.,
          Defendants.

CAUSE NO.:
A-16-CV-00641-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled case, and specifically Defendant IFN.COM Inc. d/b/a TollFreeForwarding.com (IFN)'s Motion to Dismiss [#117], Plaintiff Dell Inc. (Dell)'s Response [#125] in opposition, and IFN's Reply [#128] in support, as well as Dell's Motion to Modify the Scheduling Order [#126][1]. Having

---

[1] Dell indicates its motion to modify the scheduling order is unopposed by many of the defendants. Mot. [#126] at 3. No opposition has been filed, and therefore the Court GRANTS Dell's motion as unopposed. *See* Local Rule CV-7(e).

reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

Dell has sued 33 defendants in this lawsuit for their alleged engagement in a fraudulent scheme to deceive Dell customers into purchasing "technical support services" by posing as legitimate and authorized Dell customer support representatives. *See* Am. Compl. [#95] at ¶ 2. Dell alleges the defendants engaged in unauthorized use of Dell trademarks and service marks to convince consumers their Dell-branded personal computers are infected with malware and viruses in order to sell them unnecessary technical support and security software and services to "clean" their computers. *Id.* at ¶¶ 3–6.

Defendant IFN, doing business as TollFreeForwarding.com, is a California corporation with a principal place of business in Los Angeles, California. *Id.* at ¶ 41. Dell alleges IFN provides telephone forwarding services—*i.e.*, forwarding calls to United States toll-free or local numbers overseas to India—non-IFN defendants use to facilitate fraud on Dell customers. *Id.* at ¶¶ 163–67.

On November 10, 2017, Dell notified IFN it was receiving customer complaints connected to a toll-free numbers associated with one or more non-IFN defendants. *Id.* at ¶ 168. Dell requested IFN cancel the accounts associated with the toll-free numbers. *Id.* at ¶ 168. IFN did not cancel the accounts, and Dell continues to receive customer complaints regarding the toll-free numbers. *Id.* at ¶¶ 169–70. Dell served IFN with two subpoenas requesting additional information on the accounts associated with the alleged fraud. *Id.* at ¶ 171. According to Dell, IFN did not respond to Dell's subpoenas or Dell's contact attempts about this matter. *Id.*

On April 6, 2018, almost two years after this lawsuit commenced, Dell amended its complaint for a fourth time to add IFN as a defendant. Dell alleges IFN knowingly offers telephone forwarding services the non-IFN defendants with the intent to further the goals of alleged fraudulent scheme. *Id.* at ¶¶ 163–74.

IFN moves to dismiss Dell's claims for lack of personal jurisdiction, or in the alternative, for failure to state a claim. The motion is fully briefed and ripe for consideration.

## Analysis

### I. Rule 12(b)(2)—Personal Jurisdiction

#### A. Legal Standard

"Absent a federal statute that provides for more expansive personal jurisdiction, the personal jurisdiction of a federal district court is coterminous with that of a court of general jurisdiction of the state in which the district court sits." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001). To determine whether a federal district court has personal jurisdiction over a nonresident defendant, the court considers first whether exercising jurisdiction over the defendant comports with due process. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003). If the requirements of due process are satisfied, the court then determines whether the exercise of jurisdiction is authorized by the jurisdictional "long-arm" statute of the state in which the court sits. *Id.* Because the Texas long-arm statute has been interpreted as extending to the limit of due process, the two inquiries are the same for district courts in Texas. *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE §§ 17.001–.093.

The Due Process Clause requires a nonresident defendant be properly subject to the personal jurisdiction of the court in which the defendant is sued. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The Supreme Court has articulated a two-pronged test to

determine whether a federal court may properly exercise jurisdiction over a nonresident defendant: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).

A defendant's "minimum contacts" may give rise to either general personal jurisdiction or specific personal jurisdiction, depending on the nature of the suit and the defendant's relationship to the forum state. *Freudensprung*, 379 F.3d at 343. A court exercises general jurisdiction over a defendant having "continuous and systematic contacts" with the forum, regardless of whether those contacts are related to the asserted cause of action. *Id.* Specific jurisdiction, by contrast, is based on the proposition "that 'the commission of some single or occasional acts of the [defendant] in a state' may sometimes be enough to subject the [defendant] to jurisdiction in that State's tribunals with respect to suits relating to that in-state activity." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Int'l Shoe*, 326 U.S. at 318).

The plaintiff has the burden of making a prima facie case by showing a defendant has sufficient "minimum contacts" with the forum state to justify the state's exercise of either specific or general jurisdiction. *Freudensprung*, 379 F.3d at 343. If the plaintiff does so, the burden shifts to the defendant to show such an exercise offends due process because it is not consistent with traditional notions of fair play and substantial justice. *Id.* Finally, when a court rules on a 12(b)(2) motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, it must accept the non-moving party's jurisdictional allegations as true and resolve all factual disputes in its favor. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999).

B.  **Application**

Below the Court addresses Dell's two bases for personal jurisdiction over IFN.[2]

1.  **Specific jurisdiction**

In its complaint, Dell asserts the Court has personal jurisdiction over all defendants because "they have conducted business activities in and directed to Texas and are primary participants in tortious acts in and directed to Texas." *See* Am. Compl. [#95] at ¶ 43. Dell clarifies in its response to IFN's motion to dismiss that the Court has specific jurisdiction because IFN assisted other defendants in defrauding Texas residents, caused foreseeable injury in Texas, and directed incoming telephone calls from Texas residences to other non-IFN defendants. *See* Resp. [#125] at 6–7.

Dell has failed to carry its burden of establishing the Court has specific jurisdiction over IFN. The relevant inquiry is IFN's contacts with Texas. *Freudensprung*, 379 F.3d at 343; *see also Walden v. Fiore*, 571 U.S. 277, 289 (2014) (noting "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State" for the purposes of determining personal jurisdiction). As noted above, Dell relies on IFN's forwarding of calls from Texas residents to other non-IFN defendants in India. These allegations, however, reflect contact initiated by Texas residents with non-resident IFN. There are no allegations IFN's conduct occurred in Texas, IFN travelled to or conducted activities Texas, or IFN itself contacted Texas residents or otherwise sent anything to Texas. Put simply, there is no evidence IFN had jurisdictionally relevant contacts with this state. Dell's reference to injuries in Texas are irrelevant, as the "mere injury to a forum resident is not a sufficient connection to the forum" for the purposes of establishing personal jurisdiction. *Walden*, 571 U.S. at 289.

---

[2] Dell does not assert general jurisdiction in this case. *See* Resp. [#125] at 6.

5

In sum, Dall has not shown IFN purposely directed activities toward Texas or purposely availed itself of the privileges of conducting activities here to establish specific personal jurisdiction.

## 2. RICO jurisdiction

Dell also contends the Court has jurisdiction over IFN as a co-conspirator under the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* Resp. [#125] at 7–8. Specifically, Dell argues RICO permits nationwide service of process for each RICO co-conspirator once personal jurisdiction over one RICO defendant has been established in Texas. *Id.*

Absent minimum contacts with a particular state, a court may nonetheless exercise personal jurisdiction in cases brought under federal statutes providing nationwide service of process. *See Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994). Section 1965(b) of RICO recites:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C.A. § 1965. "Although the Fifth Circuit has not expressly decided this issue, many courts within this Circuit and elsewhere have concluded that RICO provides for nationwide service of process." *Harvest Nat. Res., Inc. v. Garcia*, CV H-18-483, 2018 WL 2183968, at *3 (S.D. Tex. May 11, 2018) (quoting *Dimas v. Vanderbilt Mortg. & Fin., Inc.*, CIV. A. C-10-68, 2010 WL 1875803, at *4 (S.D. Tex. May 6, 2010)). "And, when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Busch*, 11 F.3d at 1258. A plaintiff relying on RICO as the

6

basis of personal jurisdiction over a non-resident defendant must establish personal jurisdiction over at least one other RICO defendant. *See Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 918 (5th Cir. 1987) (stating nationwide service of process under § 1965 "requires that a defendant be conducting business in the forum").

Here, Dell has established personal jurisdiction over IFN under RICO. Several defendants and alleged RICO co-conspirators reside in Texas. *See* Am. Compl. [#95] at ¶¶ 18–21. As a California corporation, IFN has minimum contacts with the United States. *See id.* at ¶ 41 ("Defendant IFN.com Inc., d/b/a TollFreeForwarding.com is a California corporation with a principal place of business at 5901 West Century Boulevard, Ninth Floor, Los Angeles, California."). Thus, Dell's RICO claims provide personal jurisdiction over IFN.

Because Dell's claims arise from the same nucleus of operative facts, the Court exercises pendent personal jurisdiction over Dell's non-RICO claims against IFN. *See Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 783 (N.D. Tex. 2008) (explaining pendent personal jurisdiction "exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact").

## II. Rule 12(b)(6)—Failure to State a Claim

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

B. Application

IFN moves to dismiss Dell's claim under Rule 12(b)(6) for failing to state a valid claim for relief. *See* Mot. Dismiss [#117] at 11–22. As explained below, the Court concludes Dell has failed to state a plausible RICO claim against IFN.

1. Dell's RICO claim

Dell alleges all defendants have and continue to conduct fraudulent affairs as an illegal enterprise in violation of 18 U.S.C. § 1961 et seq. Am. Compl. [#95] at ¶ 219. Specifically, Dell asserts violations of 18 U.S.C. 1962(c) and (d) based on the predicate acts of wire fraud and trafficking in counterfeit services. *Id.* at ¶¶ 219–20; Resp. [#125] at 13.

The relevant subsections of the RICO statute recite:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C.A. § 1962. Regardless of the subsection asserted, RICO claims require (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993).

IFN contends Dell has failed to demonstrate IFN was part of an "enterprise" and engaged in "racketeering activity." *See* Mot. Dismiss [#117] at 18–22.

   a. Enterprise

RICO defines "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C.A. § 1961(4). If the alleged enterprise is an association-in-fact, the plaintiff must show evidence of an ongoing organization, formal or informal, and by evidence that the various associates in the enterprise function as a continuing unit with a common purpose. *Boyle v. United States*, 556 U.S. 938, 944–45 (2009). The Fifth Circuit also requires a plaintiff establish the association-in-fact enterprise (1) has an existence separate and apart from the pattern of racketeering, (2) is an ongoing organization and (3) has members that function as a continuing unit as shown by a hierarchical or consensual decision making structure. *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995).

9

Dell has failed to plead a plausible RICO enterprise involving IFN. To begin, Dell fails to distinguish the pattern of racketeering from the association-in-fact enterprise. For example, as discussed above, Dell alleges defendants engaged in a pattern of racketeering premised on wire fraud and trafficking in counterfeit services. *See* Resp. [#125] at 14 ("Dell has pled the RICO predicate acts of wire fraud and trafficking in counterfeit services"). Dell also characterizes the association-in-fact enterprise as having the same purpose: "the purpose of carrying out a systematic and ongoing wire fraud through misuse of the DELL Marks and impersonating Dell." Resp. [#125] at 17; *see also* Am. Compl. [#95] at ¶¶ 2–7, 65–81. Essentially, Dell has failed to establish an enterprise that "has an existence separate and apart from the pattern of racketeering." *Crowe*, 43 F.3d at 205; *see also Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989) ("plaintiff must plead specific facts which establish that the association exists for purposes other than simply to commit the predicate acts").

More of an issue, however, is Dell's failure to sufficiently tie IFN to the alleged enterprise. An association-in-fact enterprise "need not have a hierarchical structure or a chain of command; decisions may be made on an ad hoc basis and by any number of methods—by majority vote, consensus, a show of strength, etc." *Boyle*, 556 U.S. at 948 (internal quotations and citations omitted). However, the members of an association-in-fact enterprise must function as a continuing unit as shown by a hierarchical or consensual decision making structure. *Crowe*, 43 F.3d at 205. After all, § 1962(c) requires a defendant "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C.A. § 1962. In order to "'participate, directly or indirectly, in the conduct of such enterprise's affairs,' § 1962(c), one must participate in the operation or management of the

enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). In other words, "some part in directing the enterprise's affairs is required." *Id.*

Dell alleges IFN provided telephone forwarding services to one or more other non-IFN defendants that were used in the alleged fraudulent scheme. *See* Compl. [#95] at ¶¶ 82, 127, 165–67. Dell notified IFN of the toll-free numbers used by other defendants, requested the accounts be terminated, and attempted (without success) to obtain information on the accounts from IFN. *Id.* at ¶¶ 168–71. Based on these facts, Dell alleges "on information and belief" IFN is acting with the intent to further the goals of the enterprise. *See id.* ¶¶ 172–74.

Dell has failed to show IFN was involved in the operation or management of the alleged enterprise. Providing goods or services to an enterprise does not give rise to liability under RICO. *See Reves*, 507 U.S. at 186 (affirming dismissal of RICO claim against accounting firm providing services to enterprise); *see also Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 655 (S.D. Tex. 2016) ("[S]imply providing goods or services that ultimately benefit the enterprise will not subject one to liability."); *Compass Bank v. Villarreal*, CIV.A. L-10-8, 2011 WL 1740270, at *13 (S.D. Tex. May 5, 2011) ("Having a business relationship with a RICO enterprise does not constitute operation and management of the enterprise's affairs necessary for RICO liability."). The same is true even if the services are provided with knowledge or willful disregard of the enterprise's racketeering activities. *See Gonzalez v. Bank of Am.*, CV H-09-2946, 2011 WL 13261985, at *7 (S.D. Tex. Feb. 20, 2011), *aff'd as modified sub nom. Gonzalez v. Bank of Am. Ins. Services, Inc.*, 454 F. App'x 295 (5th Cir. 2011) (finding allegations defendant acted "with the knowledge of or willful disregard" for the other defendants' supposed criminal activity to be insufficient participation in the alleged RICO enterprise); *see also Amsterdam Tobacco Inc. v. Philip Morris Inc.*, 107 F. Supp. 2d 210, 218 (S.D.N.Y. 2000)

("Providing important services to a racketeering enterprise is not the same as directing the affairs of an enterprise." (quoting *Dep't of Econ. Dev. v. Arthur Andersen & Co. (U.S.A.)*, 924 F. Supp. 449, 466 (S.D.N.Y. 1996)). Dell's factual allegations fail to show IFN participated in the operation or management of the enterprise.

b. Racketeering activity

"Racketeering activity" is defined as "any act or threat involving" certain enumerated state law crimes or any "act which is indictable" under specified federal statutes and certain federal offenses. 18 U.S.C.A. § 1961(1); *Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 511 (5th Cir. 1990). A pattern of racketeering requires two or more predicate criminal acts that are related and "amount to or pose a threat of continued criminal activity." *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996) (quotations and citations omitted).

Dell has sufficiently pled the existence of a pattern of racketeering activity. As noted above, Dell alleges a pattern of racketeering premised on wire fraud under 18 U.S.C. § 1343 and trafficking in counterfeit services under 18 U.S.C. § 2320. Am. Compl. [#95] at ¶¶ 219–20. Sections 1343 and 2320 are explicitly listed in the "racketeering activity" definition. *See* 18 U.S.C.A. § 1961(1). Dell recites four specific allegations of wire fraud and trafficking of counterfeit services. *See id.* at ¶¶ 82, 123. Finally, Dell alleges the wrongful actions are ongoing as the telephone accounts remain active and Dell continues to receive customer complaints regarding defendants' actions. *Id.* at ¶ 169. Accordingly, Dell has alleged a pattern of racketeering with predicate acts that constitute and threaten continued long-term criminal activity.

As with the section above, however, the Court finds the allegations against IFN to be tenuous. Dell's complaint includes detailed factual allegations of the overall "fraudulent

scheme," but does little to spell out IFN's specific role in the alleged scheme and conscious behavior to confer RICO liability. The Court struggles to understand how providing telephone services constitutes racketeering activity actionable under RICO.

Summarized, Dell has failed to plead a plausible RICO claim under § 1962(c) against IFN. Dell's § 1962(d) claim against IFN fails for similar reasons. *See Benhamou*, 190 F. Supp. 3d at 663 (dismissing § 1962(d) claim against defendant in light of plaintiff's failure to plead a plausible § 1962(c) claim against the same defendant).

The Court does not consider the remaining claims against IFN because Dell's RICO claim is a dispositive issue. Without RICO claims against IFN, Dell cannot establish a basis for personal jurisdiction over IFN. *See Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 773 (N.D. Tex. 2008) ("If dismissal of Rolls–Royce's RICO claims . . . is proper, then Rolls–Royce cannot establish personal jurisdiction over defendants under 18 U.S.C. § 1965").

Dell requests leave to amend its complaint should the Court find any claim insufficiently pleaded. *See* Resp. [#125] at 19. Although Dell has amended its complaint four times, this is Dell's first complaint with claims against IFN. IFN has not shown amendment would be futile. The Court therefore grants Dell leave to amend its complaint. The Court warns, however, any amendment of the complaint may require modification of the Scheduling Order to accommodate any additional discovery and/or briefing. The Court encourages Dell to review other claims against IFN before filing an amended complaint as no further amendments to the complaint will be permitted.

## Conclusion

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff Dell's Motion to Modify the Scheduling Order [#126] is GRANTED, making Dell's expert disclosures due October 15, 2018, GVA expert disclosures due November 13, 2018, close of discovery November 29, 2018, and the deadline for dispositive motions December 27, 2018;

IT IS FURTHER ORDERED that Plaintiff Dell has twenty-one (21) days to replead its claims against IFN under the Federal Rules of Civil Procedure or IFN will be dismissed from this case for lack of personal jurisdiction; and

IT IS FINALLY ORDERED that Defendant IFN's Motion to Dismiss for Lack of Personal Jurisdiction [#117] is DISMISSED as moot without prejudice for refiling.

SIGNED this the 3rd day of August 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE