IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DELL, INC.,
           Plaintiff,

-vs-

RAJ MISHRA; TECH FIXING CENTER, LLC; SAMEER SHAIKH; MANISH DAS; ABDUL KANCHWALA; VISION BPO PVT., LTD.; MS VOIP CONNECTS; TUSHAR BOSE; PRO9 INFOSERVICES PVT. LTD.; GLOBAL VALUE ADD INC.; SUDHIR PAI; GURU DORSALA; WEBCONNECT LLC; DREAMLAND BPO; RIYAZ SHAIKH; MOSHIN SHAIKH; ONLINETECHSUPPORTS.NET LLC; ANURAG GUPTA; SURINDER KUMAR; GSVT INFOTECH PVT. LTD.; GAURAV SHARMA; VIKAS TIWARI; MIND TREE INFOTECH LLC; MINDTREE INFOTECH; PAVITER SINGH; SIMRANJEET SINGH; RAJINDER SINGH; JASMINDER SINGH; HS DIGITAL SOLUTIONS LLC; NK DIGITAL SOLUTION; MOHAMMAD AASIF; ASIF KHAN; and IFN.COM INC.,
           Defendants.

CAUSE NO.:
AU-16-CA-00641-SS

## ORDER

BE IT REMEMBERED on this day the Court considered the file in the above-styled cause, and specifically Plaintiff Dell, Inc. (Dell)'s Motion to Sever and for Entry of Final Default Judgment [#159] and Motion for Attorney's Fees and Costs [#161].[1] Having reviewed Dell's motions, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

---

[1] The Court GRANTS Dell's related Motions for Leave to File Documents Under Seal [#160, #162].

1

## Background[2]

Defendants Moshin Shaikh, Vikas Tiwari, Mindtree Infotech, Mohammad Aasif, and Asif Khan (the "Defaulted Defendants")[3] perpetuated a fraud whereby they pretended to work for Dell and then used their fictitious affiliation with Dell to sell software and computer support services under the Dell name. They carried out this fraud by falsely representing they worked for or were affiliated with Dell; by registering websites using Dell's name; by planting text files on customers' computers falsely identifying themselves as Dell service technicians; and by sending invoices bearing Dell's logo. Fourth Am. Compl. [#95] at 2–4.

In May 2016, Dell filed this lawsuit seeking an injunction as well as damages, attorney's fees, and costs. Compl. [#1] at 15–18. Dell later sought and received permission to serve the Defaulted Defendants—who are believed to be residents of India—through alternative means including email. Order of July 11, 2017 [#69]; Order of Nov. 1, 2018 [#140]. After Dell effected service, the Defaulted Defendants failed to plead, respond, or otherwise defend in this action, and the clerk entered defaults against the Defaulted Defendants. Order of Feb. 15, 2019 [#156].

Dell now moves the Court to enter a default judgment against the Defaulted Defendants and to enter an injunction prohibiting the Defaulted Defendants from engaging in various activities likely to dilute Dell's trademarks or result in confusion as to the affiliation of the Defaulted Defendants and related third parties with Dell. Mot. Default [#159] at 5. Dell also moves for attorney's fees and costs. *Id.*; Mot. Atty's Fees [#161]. These pending motions are ripe for review.

---

[2] The following background is drawn from Dell's complaint. Because the defendants against whom Dell seeks judgment have defaulted, Dell's well-pleaded factual allegations as to the liability of those defendants must be taken as true. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[3] There are a number of other defendants in this case who have either responded and appeared or who have yet to be properly served. Dell does not seek judgment against those other defendants at this time.

## Analysis

### I. Legal Standard

After default has been entered against a defendant for failure to plead or otherwise respond to the complaint, a plaintiff may apply for a judgment based on that default. *New York Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* FED. R. CIV. P. 55. Under 50 U.S.C. § 3931(b)(1), the plaintiff must file an affidavit stating whether or not the defendant is in military service, and under Rule 55(b) a default should not be entered against an unrepresented minor or incompetent person. *See Center Capital Corp. v. M.B. Bender Co.*, No. A-09-CV-469-SS, 2009 WL 3834335, at *1 (W.D. Tex. Nov. 13, 2009). A defendant who defaults for failing to plead or otherwise defend admits all the well-pleaded allegations of the complaint. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 496 (5th Cir. 2015). Rule 54(c) limits the type and amount of relief granted on a default judgment to what is demanded in the pleadings. FED. R. CIV. P. 54(c).

### II. Application

Dell seeks a default judgment on all claims brought against the Defaulted Defendants. The Court examines each claim in turn to determine whether Dell has put forward sufficient well-pleaded factual allegations to support entry of judgment against the Defaulted Defendants. It then considers whether Dell has fulfilled the other miscellaneous predicates to entering a default judgment.

#### A. Trademark Infringement—15 U.S.C. § 1114

Under 15 U.S.C. § 1114, any person that uses a registered mark without the permission of the registrant and in connection with the sale or offering of any goods or services is liable for trademark infringement if the use is likely to cause confusion or mistake or is intended to deceive.

Here, Dell has pleaded that its name and trademarks are distinctive; that they designate a single course of origin; that they have acquired a secondary meaning; and that these marks are registered. Mot. Default [#159] at 4. Dell has also pleaded that the Defaulted Defendants used Dell's marks to pass off their goods and services as those of Dell, without Dell's permission and in a manner that resulted in actual confusion among Dell's customers. *Id.* Dell has also pleaded the actions of each Defaulted Defendant in the counterfeit use of Dell's marks and alleges the Defaulted Defendants used the marks with knowledge and intent to deceive Dell's customers.

The Court concludes Dell has set forward sufficient well-pleaded allegations to support its claims that the Defaulted Defendants infringed on Dell's registered trademarks. The Court therefore grants Dell's motion for entry of default as to those claims.

**B.     False Designation of Origin and Unfair Competition—15 U.S.C. § 1125(a)**

Under 15 U.S.C. § 1125(a)(1)(A), any person who uses a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact" in a manner likely to cause confusion, mistake, or deception as to the "affiliation, connection, or association" of that person or "as to the origin, sponsorship, or approval" of that person's goods or services by another person is liable in a civil action "by any person who believes that he or she is or is likely to be damaged by such act."

In light of Dell's well-pleaded allegations outlined above in Section II.A, the Court concludes Dell has pleaded sufficient support for its claims of false designation of origin and unfair competition. The Court therefore grants Dell's motion for entry of default judgment as to those claims.

### C. False Advertising—15 U.S.C. § 1125(a)

Under 15 U.S.C. § 1125(a)(1)(B), any person who uses a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact" in commercial advertising or promotion in a manner that misrepresents that person or another person's goods, services, or commercial activities is liable in a civil action "by any person who believes that he or she is or is likely to be damaged by such act."

In light of Dell's well-pleaded allegations outlined above in Section II.A, the Court concludes Dell has pleaded sufficient support for its claims of false advertising. The Court therefore grants Dell's motion for entry of default judgment as to those claims.

### D. Deceptive Trade Practices—Texas Bus. & Com. Code § 17.46

Though the introduction to Dell's fourth amended complaint refers to claims for deceptive trade practices under Texas Business and Commercial Code § 17.46, Dell has not actually brought a claim under that provision. *See* Fourth Am. Compl. [#95] at 43–49 (listing causes of action). Thus, the Court does not grant Dell's motion for entry of default judgment as to Dell's purported claim under § 17.46.

### E. Trademark Infringement, Unfair Competition, and Conspiracy Under Texas Common Law

Though Dell argues it has pleaded sufficient facts to support entry of default judgment on its claims for common law trademark infringement, unfair competition, and conspiracy, Dell has not cited or put forward any law in support of its claims, and as a result, it is unclear whether the allegations contained within Dell's complaint are sufficient to support judgment on any of these state law claims. *See* Mot. Default [#159]. Because Dell has failed to carry its burden of persuasion, the Court denies Dell's motion for entry of default judgment as to these claims.

5

## F. RICO—18 U.S.C. § 1962(c)–(d)

RICO claims brought under the various subsections of 18 U.S.C. § 1962 have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity[] (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (internal quotation marks and citation omitted). "To prove a pattern of racketeering activity, a plaintiff must show at least two predicate acts of racketeering that are related and amount to or pose a threat of continued criminal activity." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139–40 (5th Cir. 1992) (internal quotation marks and citations omitted). Section 1961 lists a panoply of predicate acts which may constitute "racketeering activity." *See* 18 U.S.C. § 1961(1). In this case, Dell alleges that the Defaulted Defendants engaged in predicate acts of wire fraud and violated two specific subsections of § 1962. Mot. Default J. [#159] at 4–5.

First, Dell contends the Defaulted Defendants violated § 1962(c), which renders it unlawful for "any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). But upon review of Dell's complaint, it appears Dell has not pleaded that the Defaulted Defendants injured Dell via an act of racketeering such as wire fraud. *See* Fourth Am. Compl. [#95] at ¶ 131–32, 144, 151, 158 (alleging that other defendants committed acts of wire fraud); *see also Beck v. Prupis*, 529 U.S. 494, 495–96 (2000) (concluding "a person injured by an overt act done in furtherance of a RICO conspiracy" does not have a cause of action under § 1964(c) unless the overt act is "an act of racketeering"). In light of this deficiency, Dell's pleaded allegations are insufficient to support entry of default judgment on Dell's § 1964(c) claim.

Second, Dell contends the Defaulted Defendants violated § 1962(d), which renders it unlawful for "any person to conspire to violate" any of the other subsections of § 1962. But Dell has not pleaded that the Defaulted Defendants entered into any agreement that might form the basis of such a conspiracy. *See Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995) ("[B]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." (alteration in original) (internal quotation marks and citation omitted)). Nor has Dell identified which provision of § 1962 the Defaulted Defendants allegedly conspired to violate. In light of these deficiencies, Dell's pleaded allegations are insufficient to support entry of default judgment on Dell's § 1962(d) claim.

### G. Miscellaneous Matters

Dell has filed an affidavit averring that the Defaulted Defendants are not servicemembers, minors, or incompetents. *See* Mot. Leave File [#160-1] Ex. A at 1–5. In support, Dell has attached evidence that Tiwari, Aasif, Shaikh, and Khan are either Indian nationals or located in India. Mindtree Infotech, meanwhile, is not a natural person. *Id.* [#160-2] Ex. B. And Dell contends there is no evidence to suggest any of the Defaulted Defendants is a minor or incompetent. Mot. Default J. [#159] at 4. The Court therefore concludes that entry of default judgment against the Defaulted Defendants would not be improper.

### Conclusion

The Court grants Dell's motion for entry of default judgment as to Dell's trademark infringement, false designation of origin/unfair competition, and false advertising claims and denies Dell's motion for entry of default judgment as to Dell's state law claims as well as Dell's federal RICO claims. Because the state law and federal RICO claims remain unresolved, the

Court declines to award attorney's fees or an injunction to Dell at this time. Nevertheless, the Court agrees to sever the Defaulted Defendants so that an injunction and final default judgment may be entered once Dell has dealt with the remaining claims in this action.

Accordingly,

IT IS ORDERED that Dell's Motion to Sever and for Entry of Default Judgment [#159] is GRANTED IN PART and DENIED IN PART as described in this opinion;

IT IS FURTHER ORDERED that Dell's Motions for Leave to File Documents Under Seal [#160, #162] are GRANTED;

IT IS FURTHER ORDERED that Dell's Motion for Attorney's Fees and Costs [#161] is DENIED at this time; and

IT IS FINALLY ORDERED that upon payment of an additional filing fee by Dell, the claims brought by Dell against Defendants Moshin Shaikh, Vikas Tiwari, Mindtree Infotech, Mohammad Aasif, and Asif Khan shall be SEVERED and the Clerk shall create a new cause number for those claims.

SIGNED this the 7th day of June 2019.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE